UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHELLE ALBERTS,

        Plaintiff,

                                          Case Number 02-10163-BC
v.                                         Honorable David M. Lawson

MOTION INDUSTRIES, INC.,

        Defendant.

_____/

## ORDER OVERRULING IN PART PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, ADOPTING REPORT AND RECOMMENDATION IN PART, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The plaintiff, Michelle Alberts, was employed for 10-1/2 months as an inside sales person at the Saginaw, Michigan office of defendant Motions Industries until she was fired from her job because, according to her employer, she did not do it very well.  However, Alberts contends in her complaint that the defendant discriminated and retaliated against her because she was pregnant, which violated Michigan's Elliott-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101 *et seq.* The complaint was filed in state court.  After the defendant removed the action on grounds of diversity of citizenship and a period of discovery was conducted, the defendant moved for summary judgment under Federal Rule of Civil Procedure 56.  That motion was referred to Magistrate Judge Charles E. Binder under 28 U.S.C. § 636(b)(1)(B), who filed a report recommending that the motion be granted and the case dismissed.  The plaintiff filed timely objections, and the Court has conducted a *de novo* review.  The Court now finds that the magistrate judge erred in concluding that the plaintiff did not establish a *prima facie* case on her way to proving discrimination by circumstantial evidence, but he otherwise accurately stated the law and properly applied it to the undisputed facts.

Therefore, the Court will overrule the plaintiff's objections in part, adopt the report in part and the recommendation, grant the motion for summary judgment, and dismiss the complaint with prejudice.

I.

The facts and procedural history of the case are set forth in great detail in the magistrate judge's report. Neither party takes issue with those portions of the report, although the plaintiff contests the conclusions drawn from the facts, which the Court will discuss below. The Court finds that the magistrate judge's recitation faithfully tracks the record as presented to him by the parties, and therefore the Court adopts it here.

The magistrate judge concluded that: (1) the plaintiff did not produce direct evidence of discrimination or retaliation by the defendant; (2) the plaintiff did not establish that other similarly-situated employees who were not within her class (i.e., pregnant women) were treated more favorably, which was an essential element of her *prima facie* case when proof of illegal motive rests on circumstantial evidence; (3) the plaintiff failed to establish a material fact disputed on the question of whether the defendant's admittedly legitimate bases for reducing the plaintiff's hours and later firing her were a pretext for discrimination; (4) the plaintiff failed to establish a causal connection between her protected activity and her termination because she did not show that the defendant's proffered reason was pretextual; and (5) the plaintiff's claim for compensation for on-call time based on Michigan Compiled Laws section 408.381 failed because the statute, by its terms, did not apply to employers subject to the Fair Labor Standards Act, by which this defendant was covered.

The plaintiff has made three objections. First, she contends that evidence of a comment by her supervisor, Tracy Garcia, that she would not hire another employee full time until that person

concluded her maternity leave amounted to direct evidence of discrimination precluding summary judgment. She also argues that the supervisor's affidavit explaining the context of her remark should not be considered because it was hearsay evidence and it contradicted the supervisor's deposition testimony. Second, the plaintiff states that the magistrate judge applied a too strict standard for determining whether non-class members were similarly situated to the plaintiff, which resulted in an erroneous determination that the plaintiff failed to establish a critical element of her *prima facie* case. Finally, the plaintiff objects to the magistrate judge's conclusion that the plaintiff failed to show that the economic reason for reducing the plaintiff's work hours was a pretext for discrimination because only the plaintiff bore the brunt of the cut-back in the Saginaw location, whereas the burden of reduced hours was spread over four inside sales representatives at the Lansing shop.

A.

The plaintiff has not objected to the magistrate judge's conclusions that the plaintiff's poor performance was not a pretextual reason for firing her, that there was no evidence of a causal connection between the plaintiff's protected activity and her termination, or that the plaintiff's claim for compensation for on-call time based on Michigan Compiled Laws section 408.381 should be dismissed. General objections to a magistrate judge's report and recommendation do not preserve all issues for review. "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The plaintiff did not challenge the recommended dismissal of her retaliation claim or her uncompensated work claim,

nor did she attempt to incorporate her motion arguments into her objections. Those arguments are waived, *see Thomas v. Arn*, 474 U.S. 140, 149 (1985) (holding that the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987), and the Court agrees that the retaliation claim and uncompensated work claims should be dismissed for the reasons stated by the magistrate judge.

B.

The magistrate judge recognized that the plaintiff's ultimate burden when bringing a discrimination or retaliation claim under the Elliott-Larsen Civil Rights Act is proving that her employer's motivation for taking adverse employment action was illegal, specifically in this case, that it was based on her gender. *See Hazle v. Ford Motor Co.*, 464 Mich. 456, 462, 628 N.W.2d 515, 520-21 (2001). The parties agree that under Michigan law, discrimination based on pregnancy is illegal gender discrimination. *See* Mich. Comp. Laws § 37.2201(d); *see also Dep't of Civil Rights ex rel. Peterson v. Brighton Area Schs.*, 171 Mich. App. 428, 437, 431 N.W.2d 65, 69 (1988) (reasoning that "because pregnancy is a condition unique to women, any distinction drawn on the basis of pregnancy denies women valuable rights solely on account of their sex"). The least complicated way of proving an employer's illegal motive is by direct evidence. *Noble v. Brinker Int'l, Inc.*, 391 F.3d 715, 721 (6th Cir. 2004) (holding that under Title VII and Section 1981, the plaintiff "may succeed . . . directly by persuading the court that a discriminatory reason more likely motivated the employer"). The plaintiff's first objection is to the magistrate judge's conclusion that there is no direct evidence that the defendant was illegally motivated to take adverse job action against the plaintiff.

Alberts insists that statements made by her supervisor, Tracy Garcia, during a telephone conversation about another worker constituted direct evidence of discrimination. Alberts testified at her deposition that she was aware of Garcia's half of the conversation in which Garcia said that she would hire Tasha Hempfield, then a temporary worker for the defendant, to fill a position that opened on September 15, 2000, but only after Hempfield completed her maternity leave. Alberts described the conversation in her deposition as follows:

> Q. And on what basis do you contend she was discriminated against by the company on the basis of her pregnancy?
> A. She was told that she would be hired full-time after she had the baby and was ready to come back to work.
> Q. Who made this statement to her?
> A. Tracy.
> Q. And when did that statement take place?
> A. I don't remember the exact date. Sometime in 2000.
> Q. And you were present during that conversation?
> A. I was in the office. Let me rephrase that. I was in the office and Tracy [Garcia] was relaying that information – I don't believe it was Tasha [Hemphill] – to somebody else in the office. Because I think it was a phone call with Tasha, but I can't remember for sure.
> Q. Do you recall whether that – you don't know who the phone call was with?
> A. I'm not saying 100 percent that it was a phone call. I don't – I wasn't there. I don't know how Tracy and Tasha worked it out. All I know is at one point in the office it was said that she could have a full-time position after she had the baby. After she had her maternity leave and came back to work, she would be hired full-time at that point.

Pl.'s Brief in Opp'n to Mot. Summ. J., Pl. Dep. I at 207-10. The plaintiff was not present when Garcia spoke about Hemphill and only became aware of the information because "in the office it was said." *Ibid*.

This testimony does not constitute direct evidence that the defendant reduced Alberts' work hours or fired her because she was pregnant, and the plaintiff's argument to the contrary suggests a fundamental misunderstanding of the requisites of "direct evidence" in employment discrimination

cases. The Court of Appeals for the Sixth Circuit has explained many times that "[d]irect evidence is that evidence which, if believed, requires a conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Kocak v. Cmty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 470 (6th Cir. 2005). It does not require the fact finder to draw any inferences to reach that conclusion. *See Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000). For example, proof of "a facially discriminatory employment policy or a corporate decision maker's express statement of a desire to [avoid hiring] employees in the protected group is direct evidence of discriminatory intent." *Ibid.*; *see also Johnson v. Kroger Co.*, 319 F.3d 858, 865 (6th Cir. 2003). Evidence of discrimination is not considered direct evidence unless an illegal motivation is explicitly expressed. Moreover, "the plaintiff attempting to establish a claim of [gender] discrimination using direct evidence must also point to an action or omission made with respect to the plaintiff's employment and connect the action to the discriminatory intent." *Birch v. Cuyahoga Cnty Probate Court*, 392 F.3d 151, 172 (6th Cir. 2004) (Gibbons, J., concurring) (citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 241 (1989) (O'Connor, J., concurring)).

The evidence cited by the plaintiff established at most that the defendant's agent based the timing of a hiring decision of *another* employee on the status of her maternity leave. Viewing this evidence in the light most favorable to the plaintiff, as the Court must at this stage of the proceedings, *see Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003), the Court cannot conclude directly that the defendant's decisions concerning the terms and conditions of *the plaintiff's* employment was animated by gender-based motivation. There is no way short of drawing an inference that a fact finder could "connect the [job] action to the discriminatory intent" supposedly expressed by Garcia's reference to the plaintiff's co-worker. Alberts' deposition testimony

described an event that occurred at least a year before Alberts' hours were reduced and later was fired. She testified that the co-worker would not become a full-time employee until she returned to work following a maternity leave. There is no suggestion that the co-worker sought any different treatment or would have made herself available until she completed her leave. Perhaps one might infer from the plaintiff's rendition of Garcia's conversation a reluctance on the employer's part to return a postpartum female to the full-time workforce. But an inference would be required to reach that conclusion. Projecting such an attitude upon the decisions concerning the plaintiff's job with the defendant requires yet another inference. Whether these inferences are reasonable in the circumstances of this case is another question; it is sufficient to note for the purpose of the present objection that inferences are required to reach the plaintiff's evidentiary goal. The testimony is not direct evidence of an illegal motivation as to the defendant's job decisions regarding the plaintiff.

The Court need not consider Garcia's affidavit – criticized by the plaintiff as hearsay and contradictory of her deposition testimony – in which she attempts to put her statement in context, in order to conclude that no direct evidence of discriminatory animus has been produced. The plaintiff's objections on these grounds do not impact the Court's ultimate conclusion that there is no direct evidence of discrimination on the present record. The plaintiff's first objection, therefore, will be overruled.

C.

In considering whether the plaintiff proved a discriminatory motive by circumstantial evidence, the magistrate judge applied the familiar burden-shifting approach described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), in which the plaintiff must present a *prima facie* case, at which point the defendant must come forward with a legitimate, non-discriminatory reason for

-7-

its action. If the defendant can respond with such a reason for the adverse employment action, the plaintiff has the burden of offering evidence that the defendant's justification is a pretext that masks its true discriminatory intent. *See Johnson v. Kroger Co.*, 319 F.3d 858, 866 (6th Cir. 2003). To establish a *prima facie* case for pregnancy discrimination under Michigan law, the plaintiff must offer evidence that she was "(1) a member of a protected class, (2) subject to an adverse employment action, (3) qualified for the position, and that (4) others, similarly situated and outside the protected class, were unaffected by the employer's adverse conduct." *Town v. Michigan Bell Tel. Co.*, 455 Mich. 688, 695, 568 N.W.2d 64, 68 (1997). The magistrate judge concluded that the plaintiff satisfied the first three elements but failed to offer sufficient evidence as to the fourth. The plaintiff's second objection challenges that conclusion with respect to the claim that the defendant discriminated against her when it changed her status from full-time to part-time and cut her hours by half.

The magistrate judge rejected the plaintiff's argument that she was similarly situated to three inside sales staff members from the Lansing office who shared the burden of reduced hours, each having their weekly hours reduced to thirty-two, whereas the plaintiff's hours were reduced to twenty. The magistrate judge reasoned that the plaintiff failed to meet her burden of showing that the Lansing employees were similarly situated because she presented no evidence concerning the positions or duties of the four male Lansing employees, that "any of the four Lansing employees had the least seniority at their branch," or that any of the four were being monitored by management for ongoing problems in areas of product knowledge and customer service as the plaintiff was. R&R at 21.

The magistrate judge principally relied on *Mitchell v. Toledo Hospital*, 964 F.2d 577 (6th Cir. 1992), for the definition of "similarly situated." The court in that case states that "to be deemed 'similarly-situated,' the individuals with whom the plaintiff seeks to compare his/her treatment must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Id.* at 583. However, the *Mitchell* standard was softened in *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344 (6th Cir.1998), where the court noted that a comparitor employee need be "similar" only "in all *relevant* aspects of the job. *Id.* at 352 (emphasis added). The Sixth Circuit has summarized the applicable standard as follows:

> This court has explained that "the plaintiff and the employee with whom the plaintiff seeks to compare himself must be similar in all of the relevant aspects" in order for the two to be similarly-situated. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir.1998) (emphasis in original) (internal quotation marks omitted). In the context of personnel actions, the relevant factors for determining whether employees are similarly situated often include the employees' supervisors, the standards that the employees had to meet, and the employees' conduct. *Id.* (noting that "[t]hese factors generally are all relevant considerations in cases alleging differential disciplinary action"). But the weight to be given to each factor can vary depending upon the particular case. *Id.* (explaining that courts "should make an independent determination as to the relevancy of a particular aspect of the plaintiff's employment status and that of the non-protected employee").

*Johnson v. Kroger Co.*, 319 F.3d 858, 867 (6th Cir. 2003).

More recently, the Sixth Circuit has taken another look at the dimensions of the fourth element of the *prima facie* case in circumstantial-proof employment cases, suggesting that a plaintiff must show that she holds similar qualifications as the comparitor employee in order to be "similarly situated," at least in a failure-to-promote case. *See White v. Columbus Metro. Hous. Auth.*, 429 F.3d 232, 241-42 (6th Cir. 2005). Of course the danger in looking too closely at the relative

qualifications at that stage of the analysis is the tendency to conflate proof of the *prima facie* case with proof of the defendant's legitimate, non-discriminatory reason for its action. *See Cicero v. Borg-Warner Auto., Inc.*, 280 F.3d 579, 584-85 (6th Cir. 2002); *Cline v. Catholic Diocese of Toledo*, 206 F.3d 651, 660-61 (6th Cir. 2000). The *White* court seems to reconcile that concern by limiting the focus of proof at the *prima facie* stage to objective measures, reserving an employer's subjective determinations to the second part (i.e., proof of a legitimate, non-discriminatory justification) of the analysis. *See White*, 429 F.3d at 242-43 & n.6.

The Court believes that the magistrate imposed too great a burden on the plaintiff to prove the fourth element of her a *prima facie* case. "The burden of establishing a prima facie case in a retaliation action is not onerous, but one easily met." *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir.2000); *see also Cline*, 206 F.3d at 660 (same) (quoting *Texas Dep't of Cmty Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). Here, the plaintiff and other inside sales staff at the Lansing and Saginaw offices of the defendant have the same supervisor, that is Gary Moore. Moore was "in charge of the branch, the sales activities, all activities that occur," which included the Saginaw and Lansing offices. Def.'s Mot. Summ. J. App. Ex. C, Gary Moore Dep. at 3. Reading the record in the light most favorable to the plaintiff, an inside sales representative is a standard position in the defendant's offices and employees with such duties work at the Lansing office. As sales staff within the same corporate entity, with the same supervisor, selling the same product, any differences in the expectations and duties among inside sales personnel at the Lansing and Saginaw offices are minor for the purposes of the *prima facie*-stage consideration of the case. *See Ercegovich*, 154 F.3d at 353 (stating that "when an employer makes selective offers of transfer following a reduction in force or a reorganization, differences in the job activities previously performed by transferred and

-10-

non-transferred employees do not automatically constitute a meaningful distinction that explains the employer's differential treatment of the two employees").

The magistrate judge suggested that the plaintiff failed to introduce evidence of the titles and duties of four employees at the Lansing office to show that she was similarly situated with them. However, the plaintiff does not have to show absolute similarity to the employees that received this reduction in hours. She only has to show that others similarly situated were treated better. The evidence in the record reflects that none of the inside sales members at the Lansing branch suffered the adverse action of a severe reduction in hours in order to enact the cutbacks ordered by Moore's supervisor, because the reduction was divided equally among four others.

The defendant contends that the plaintiff's performance sets her apart from her otherwise similar co-workers. *See Johnson*, 319 F.3d at 867 (holding that "Johnson has failed to identify any similarly-situated employees who were treated differently for exhibiting managerial problems comparable to his own"). At a time after the plaintiff's hours were reduced, this contention may be supported by the record. However, the plaintiff's performance does not categorically distinguish her from other inside sales personnel before the reduction in the plaintiff's hours. Although Garcia noted deficiencies, the plaintiff received an evaluation on January 19, 2001, before the reduction, that rated her performance as generally satisfactory. The record contains evidence that her supervisors only received three complaints prior to the reduction. None of these complaints were serious enough for the supervisors to record them in writing or to provide the plaintiff with a written warning of poor performance. These circumstances do not distinguish Alberts materially from the three Lansing employees or suggest a difference in their objective qualifications.

The Court finds that the plaintiff established the fourth element of her *prima facie* case because she offered evidence that similarly-situated employees outside her protected class were treated more favorably because they were not called upon to bear as great a burden of the defendant's economic cut-back as the plaintiff. The Court will sustain the plaintiff's second objection.

D.

The defendant explained that it reduced the plaintiff's work hours as part of a cost-savings program mandated by upper management, and she was selected for the most reduction because she "was the least senior Inside Sales Person with admitted performance inadequacies." Def.'s Mot. Summ J. at 15. The plaintiff concedes that this reason is non-discriminatory and the defendant fulfilled the second part of the *McDonnell* analysis. The plaintiff objects, however, to the magistrate judge's conclusion that the plaintiff failed to establish a material fact dispute on the question of whether the defendant's justification for reducing the plaintiff's hours was a pretext for discrimination.

A plaintiff can demonstrate pretext "by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct." *Johnson*, 319 F.3d at 866. In her objections, it appears that the plaintiff is relying on the second ground because she argues that if her employer was motivated to cut her hours for the reasons offered, then it would have used the same reasons to cut hours in a similar fashion at the Lansing office. The plaintiff's objections to the report and recommendation are unpersuasive, however, because the plaintiff has failed to offer any evidence for the basis on which the Lansing employees' hours were reduced. Perhaps the Lansing employees were

performing in equally satisfactory fashion and had the same level of seniority, or perhaps not. But the plaintiff's case is utterly bereft of any evidence supporting her argument, rendering it nothing more than speculation.

When responding to a motion for summary judgment under Rule 56, once the moving party has made the "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the nonmoving party cannot rest on her pleadings but must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Celotex*, 477 U.S. at 324; *Hall v. Tollett*, 128 F.3d 418, 421-22 (6th Cir. 1997). The party who bears the burden of proof must present a jury question as to each element of the claim. *Davis v. McCourt*, 226 F.3d 506, 511 (6th Cir. 2000). She must "do more than simply show that there is some 'metaphysical doubt as to the material facts.'" *Pierce v. Commw. Life Ins. Co.*, 40 F.3d 796, 800 (6th Cir. 1994) (quoting *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

In this case, the plaintiff has presented no evidence of the factors the defendant considered when deciding to reduce hours in the Lansing office. The burden is on the plaintiff to show pretext and, ultimately, discrimination. She has failed to do so, because "she makes no attempt to provide any *evidence* to show that seniority and performance were *not* considered in Lansing." R&R at 29. The Court notes that the evidence of plaintiff's inadequate performance, along with her lack of

seniority, was a sufficient reason to reduce her hours, even if her performance did not demonstrate she was differently situated from other inside sales representatives.

The defendant's decision to hire co-worker Tasha Hemphill after her maternity leave does not demonstrate that the defendant engaged in a pattern of discrimination inferring that it discriminated against the plaintiff. The parties agree that Hemphill was hired after maternity leave. The plaintiff offers no evidence that this decision was made because of a discriminatory purpose. The plaintiff testified, "I don't know how Tracy and Tasha worked it out." Pl.'s Brief in Opp'n to Mot. Summ. J., Pl.'s Dep. I at 210.

The Court concludes that the magistrate judge correctly concluded that the plaintiff failed to bring forth evidence establishing a fact question on the issue of pretext, and the plaintiff's arguments to the contrary are unavailing.

### III.

After conducting a *de novo* review of the record in light of the parties' objections, the Court is satisfied that the defendant's motion for summary judgment should be granted. The magistrate judge correctly applied the law with one, non-material exception, and the plaintiff's objections otherwise lack merit.

Accordingly, it is **ORDERED** that the plaintiff's objections to the magistrate judge's report and recommendation are **OVERRULED IN PART.**

It is further **ORDERED** that the magistrate judge's report and recommendation is **ADOPTED IN PART**.

It is further **ORDERED** that defendant's motion for summary judgment [dkt #55] is **GRANTED** and the plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: March 14, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 14, 2006.

s/Tracy A. Jacobs  
TRACY A. JACOBS